UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE:

JUAN CARLOS GIL,

    Plaintiff,

v.

3499NW LLC, a Florida limited liability
Company,

    Defendant.
_____/

## COMPLAINT

Plaintiff, JUAN CARLOS GIL, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues, 3499NW LLC (hereinafter "Defendant"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, *et seq.*, (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq*.

4. Plaintiff, JUAN CARLOS GIL, is an individual over eighteen years of age, and is otherwise *sui juris*.

5. At all times material, Defendant, 3499NW LLC, was and is a Florida Limited Liability Company, organized under the laws of the state of Florida, with its principal place of business in Miami, Florida.

6. At all times material, Defendant, owned and operated a commercial property location at 3499 NW 25 Street, Miami, Florida 33142 (hereinafter the "Commercial Property"). Defendant, holds itself out to the public as "EVEN HOTEL-MIAMI AIRPORT

7. Venue is properly located in the Southern District of Florida because Defendant's Commercial Property is located in Miami, Florida, Defendant regularly conducts business within Miami, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami, Florida.

## FACTUAL ALLEGATIONS

8. Although over thirty (30) have passed since the effective date of Title III of the ADA, Defendant has yet to make their facilities accessible to individuals with disabilities.

9. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's Commercial Property and the businesses therein.

10. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

11. Plaintiff, JUAN CARLOS GIL, is an individual with disabilities as defined by

and pursuant to the ADA. Plaintiff, JUAN CARLOS GIL, is, among other things, a quadriplegic, diagnosed with cerebral palsy and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate.

12. Defendant, owns, operates, and oversees the Commercial Property, its general parking lot and parking spots specific to the businesses therein, and it owns, operates, and oversees said Commercial Property located in Miami, Florida, that is the subject of this Action.

13. The subject Commercial Property is open to the public and is located in Miami, Florida. The individual Plaintiff visited the Commercial Property on or about February 21, 2024, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property. He plans to return to and visit the Commercial Property and the other business located within the Commercial Property, in order to avail himself of the goods and services offered to the public at the business therein, if the property/business become accessible.

14. Plaintiff visited the Commercial Property as a patron/customer, visits the Commercial Property and business within the Commercial Property as a patron/customer, and intends to return to the Commercial Property and business therein in order to avail himself of the goods and services offered to the public at the property. Plaintiff spends time in and near Miami, Florida and in the same state as the Commercial Property and intends to return to the property in the future.

15. The Plaintiff found the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of the premises.

16. The Plaintiff, JUAN CARLOS GIL, has encountered architectural barriers that

are in violation of the ADA at the subject Commercial Property and businesses therein. The barriers to access at Defendant's Commercial Property and businesses within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and endangered his safety. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff and others similarly situated.

17. Defendant owns and/or operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant owns and/or operates is the Commercial Property business located at 3499 NW 25 Street, Miami, Florida 33142.

18. Plaintiff has a realistic, credible, existing, and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property, but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property and the business located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses located within the Commercial Property, not only to avail himself of the goods and services available at this Commercial Property and businesses therein, but to assure himself that the property and businesses therein are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the property and businesses therein without fear of discrimination.

**COUNT I – ADA VIOLATIONS**

19. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1

through 18 above as though fully set forth herein.

20. Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other businesses located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

21. Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Defendant's Commercial Property and hotel business within the Commercial Property, include, but are not limited to, the following:

A. Parking and Exterior

i. Accessible spaces are not at least 8 feet wide with access aisles at least 5 feet wide, in violation of Section 505 of the 2010 ADA Standards for Accessible Design Standards.

B. Ramps and Entrance Access

i. Handrail extensions violate 2010 ADA Standards for Accessible Design Standards Section 505.10.1

C. Table, Counters and Lines

i. Seating and tables in the hotel restaurant violate Section 902 of the 2010 ADA Standards for Accessible Design Standards.

ii. Dinning counters and bars in the hotel restaurant fail to comply with section 226.1 of the 2010 ADA Standards for Accessible Design Standards.

iii. Self-service shelves in hotel lobby/entryway violate Section 227 of the 2010 ADA Standards for Accessible Design Standards.

D. <u>Toilet Rooms</u>

i. Coat hooks in the common area lavatories are less than 15 inches or greater than 48 inches above the floor, violating Section 603.4 of the 2010 ADA Standards for Accessible Design Standards.

ii. Common area lavatories do not provide for proper clearance around the water closet, violating Section 604.3.1 of the 2010 ADA Standards for Accessible Design Standards.

iii. The side grab bar in the accessible stall of the common area restroom is improperly mounted and does not extend to 54" violating Section 604.5 of the 2010 ADA Standards for Accessible Design Standards.

iv. The disposable toilet seat dispenser in the common area restroom is mounted at a distance that is less than 12" above the rear grab bar in violation of Section 604.5 of the 2010 ADA Standards for Accessible Design Standards.

v. Coat hook in the pool area restroom is less than 15 inches or greater than 48 inches above the floor in violation of Section 603.4 of the 2010 ADA Standards for Accessible Design Standards.

vi. The mirror in the accessible stall of the pool area restroom is mounted at a height that is greater than 40" violating the 2010 ADA Standards for Accessible Design Standards.

vii. The soap dispenser control in the accessible stall of the pool area restroom is located

   at a height that is greater than 48" in violation of Section 308.2 of the 2010 ADA Standards for Accessible Design Standards.

viii. The centerline of the water closet in the pool area restroom is less than 16 inches or greater than 18 inches from the side wall or partition, violating Section 604.2 of the 2010 ADA Standards for Accessible Design Standards.

ix. Rear grab bar in accessible stall of the pool area restroom is located at a height that is greater than 36" and does not extend to the required 54" violating section 604.5 of the 2010 ADA Standards for Accessible Design Standards.

x. The disposable toilet seat cover dispenser in accessible stall of the pool area restroom is mounted at a height that is greater than 48" violating Section 604.5 of the 2010 ADA Standards for Accessible Design Standards.

E. <u>Pool Area</u>

i. The child proof lock that accesses the pool at The Even Hotel is mounted at a height that is greater than the required 48" violating the 2010 ADA Standards for Accessible Design Standards.

ii. The gate to access the pool lacks the required 18" of side clearance in violation of the ADA Standards for Accessible Design Standards.

F. <u>Hotel Guests Room</u>

i. Curtain rods and chains in accessible guest rooms are not properly placed or mounted so the reachable part is no higher than 48 inches, in violation of Section 309 of the 2010 ADA Standards for Accessible Design Standards.

ii. Heating and cooling controls in accessible guest rooms are not placed or mounted

            so the reachable part is no higher than 48 inches, in violation of Section 309 of the 2010 ADA Standards for Accessible Design Standards.

iii. Light switches in accessible guest rooms are not placed or mounted so the reachable part is no higher than 48 inches, in violation of Section 309 of the 2010 ADA Standards for Accessible Design Standards.

iv. The number pad for the combination safe in accessible room 326 is not accessible, as it is located at a height less than 15" in violation of Section 309 of the 2010 ADA Standards for Accessible Design Standards.

v. The peephole on the door in accessible room 326 is mounted at a height that is greater than 48"in violation of Section 309 of the 2010 ADA Standards for Accessible Design Standards.

vi. Plaintiff was unable to use the lock on the door in accessible room 326, as it is located at a height that is greater than 48" in violation of Section 309 of the 2010 ADA Standards for Accessible Design Standards.

vii. Storage units are mounted higher than 48 inches. Specifically, Plaintiff was unable to use the closet or the ironing board in accessible room 326, as it is mounted above the required 48" in violation of section 308 the 2010 ADA Standards for Accessible Design Standards.

viii. Mirrors are mounted so that their bottom is higher than 40 inches above the floor, violating Section 603.3 on the 2010 ADA Standards for Accessible Design Standard.

ix. The sink located in accessible room is mounted at a height that is greater than 34"

      in violation of Section 606 of the 2010 ADA Accessible Design Standards.

x. The rear and side grab bars in the accessible restroom in room 326 are missing in violation of Section 604.5 of the 2010 ADA Accessible Design Standards.

xi. The grab bars in the roll in shower in accessible guestroom 326 are missing in violation of Section 608 of the 2010 ADA Accessible Design Standards.

xii. The pull side of the door in accessible room 326 lacks the required 18" of latch side clearance in violation of the 2010 ADA Accessible Design Standards.

## RELIEF SOUGHT AND THE BASIS

22. The discriminatory violations described in this Complaint are not an exclusive list of the Defendant's ADA violations. Plaintiff requests an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff from further ingress, use, and equal enjoyment of the Commercial Property and the business therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

23. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant's Commercial Property and the business within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination,

injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

24. Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

25. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs, and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

26. While Defendant as landlord and owner of the Commercial Property Business, is primarily responsible for all ADA violations listed in this Complaint, tenants and landlords can be held is jointly and severally liable for ADA violations.

27. A Defendant is required to remove the existing architectural barriers to

the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

28. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

29. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendant operates their business, located within the Commercial Property located in Miami, Florida, the interiors, exterior areas, and the common exterior areas of the Commercial Property to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, the Plaintiff, JUAN CARLOS GIL, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when

such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II – VIOLATIONS OF 28 C.F.R. SECTION 36.302(e)(1)

30. Plaintiff incorporates and realleges paragraphs 1 through 18 as though set forth fully herein.

31. This is an action for violations of the ADA and 28 C.F.R. Section 36.302(e)(1).

32. More specifically, 28 C.F.R. Section 36.302(e)(1) imposes the following requirement:

Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -

(i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

(ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her

accessibility needs;

(iii)    Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv)    Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v)    Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

33.    These regulations became effective March 15, 2012.

34.    Defendant, either itself or by and through a third party, implemented, operates, controls and or maintains Websites for the Property which contains an online reservations system. These websites include www.booking.com. This term also includes all other websites owned and operated by Defendant or by third parties to book or reserve guest accommodations at the hotel. The purpose of these websites is so that members of the public may reserve guest accommodations and review information pertaining to the goods, services, features, facilities, benefits, advantages, and accommodations of the Property. As such, these websites are subject to the requirements of 28 C.F.R. Section 36.302(e).

35.    Prior to the commencement of this lawsuit, Plaintiff visited these websites for the purpose of reviewing and assessing the accessible features at the Property and ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e) and his accessibility needs. In each instance, at various points in the reservation process each website indicated that handicap or

mobility accessible rooms were available.

36. In each instance the Websites provided insufficient or misinformation regarding accessible features in the rooms or the hotel. Indeed, Plaintiff's room did not contain sufficient accommodations and, consequently, Plaintiff was not able to use the room.

37. In the near future, Plaintiff intends to revisit Defendant's websites and/or online reservations system in order to test them for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the websites to reserve a guest room and otherwise avail himself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Property.

38. Plaintiff is continuously aware that the subject websites remain non-compliant and that it would be a futile gesture to revisit the websites as long as those violations exist unless he is willing to suffer additional discrimination.

39. The violations present at Defendant's websites infringe Plaintiff's right to travel free of discrimination and deprive him of the information required to make meaningful choices for travel. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's website. By continuing to operate the websites with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendant's websites, and knowing that it would be a futile gesture to return to the websites unless she is willing to endure additional discrimination, Plaintiff is deprived of the same advantages, privileges, goods, services and benefits readily available to the general public. By maintaining a website(s) with violations, Defendant deprives Plaintiff the equality of opportunity offered to the general public. Defendant's online reservations system

serves as a gateway to its hotel. Because this online reservations system discriminates against Plaintiff, it is thereby more difficult to book a room at the hotel or make an informed decision as to whether the facilities at the hotel are accessible.

40. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to modify its websites to comply with the requirements of the ADA and to continually monitor and ensure that the subject websites remains in compliance.

41. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to these websites. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant.

42. The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject website.

43. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

44. Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302(e). Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to

afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

45. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

46. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the subject websites to make them readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA and 28 C.F.R. Section 36.302(e); or by closing the websites until such time as the Defendant cures its violations of the ADA.

WHEREFORE, Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and 28 C.F.R. Section 36.302(e).

b. Injunctive relief against the Defendant including an order to revise its websites to comply with 28 C.F.R. Section 36.302(e) and to implement a policy to monitor and maintain the websites to ensure that it remains in compliance with said requirement.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under

Title III of the Americans with Disabilities Act.

Dated: July 10, 2024

Respectfully Submitted,

/s/ Karen E. Lungarelli
Karen E. Lungarelli, Esquire
Florida Bar. No.: 86100

ADAVOCATE, LLC
777 Brickell Avenue, Ste. 400
Miami, Florida 33131
T: 305-481-9809
E: Karen@Adadvocates.org
E: Ed@Adadvocates.org
E: George@Adadvocates.org
E: Lili@Adadvocates.org
Attorneys for Plaintiff